**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Casey R. Williams,

              Plaintiff,

v.

Susan R. Bolton,

              Defendant.

No. CV-16-02508-PHX-DGC

**ORDER**

Plaintiff Casey R. Williams commenced this action by filing a pro se complaint on July 26, 2016.  Doc. 1.  Plaintiff has also filed a motion to proceed in forma pauperis (Doc. 2), and a motion for speedy trial (Doc. 3).  For the reasons that follow, the Court will dismiss the complaint and deny the other motions as moot.

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2).  While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings.  *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) (en banc).  "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss, sua sponte and prior to service of process, a complaint that fails to state a claim[.]"  *Id*. at 1130.  A court dismissing under this statute "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Id*. at 1127-29 (citations omitted).

Plaintiff's complaint suffers from multiple defects.  First, Plaintiff fails to allege a basis for federal jurisdiction.  He brings no federal claims, nor is there complete diversity among the parties.  Plaintiff is an Arizona resident, and the only named defendant is Judge Susan R. Bolton of this Court.  Second, although Plaintiff names Judge Bolton as a defendant, his complaint contains no factual allegations against her.  Third, the complaint does not identify a plausible factual or legal basis for Plaintiff's claim.  The complaint consists of a single paragraph that discusses the hardship of legal fees and costs, pain and suffering apparently attributable to other cases filed in this Court, and the need for witness protection.  Doc. 1.

Plaintiff's complaint fails to state a claim upon which relief can be granted, and the Court would dismiss the complaint without prejudice were it not for a more serious defect.  Judges acting in their judicial capacity are protected from civil lawsuits by absolute immunity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "[Judicial] immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity."  *Id.* at 11.  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Id.* at 12.

Plaintiff has filed other cases in this Court that have been dismissed for failure to state a claim.  *See Williams v. Black*, 13-cv-1978-DGC, *Williams v. Arpaio*, 16-cv-2507-DLR.  These cases have included fanciful allegations of war crimes, spying on Plaintiff by spy satellites, and demands for billions in damages.  The Court concludes that Plaintiff can state no claim against Judge Bolton that would survive her absolute immunity, and therefore will dismiss this complaint without leave to amend.

**IT IS ORDERED:**

1.    Plaintiff's complaint (Doc. 1) is **dismissed with prejudice**.

2.    Plaintiff's request for IFP status (Doc. 2) is **denied as moot**.

3.    Plaintiff's motion for speedy trial (Doc. 3) is **denied as moot**.

4.      The Clerk of Court shall terminate this action.

Dated this 7th day of September, 2016.


_____
David G. Campbell
United States District Judge